MEMORANDUM OPINION




Nos. 04-03-00184-CR & 04-03-00185-CR



Billy Edwin KELLER,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2002-CR-4210 & 2002-CR-4211


Honorable Henry G. Schuble, III, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 16, 2003


APPEAL DISMISSED

 Pursuant to a plea bargain agreement, appellant, Billy Edwin Keller, entered a plea of nolo
contendere to two separate counts of theft under $1,500 enhanced to a state jail felony. The trial
court imposed sentence in both cases on February 18, 2003, with sentence in each case to run
concurrently. The trial court signed certificates of defendant's right of appeal in each case stating that
this "is a plea bargain case, and the defendant has NO right of appeal." Appellant filed a general
notice of appeal in each case on March 5, 2003. The clerk's record in each case, which includes the
trial court's Rule 25.2(a)(2) certification, has been filed. Tex. R. App. P. 25.2(d). 

 The clerk's record, which contains a written plea bargain, establishes the punishment assessed
by the court does not exceed the punishment recommended by the prosecutor and agreed to by
Keller; therefore, the trial court's certification accurately reflects that the underlying case is a plea-bargain case. See Tex. R. App. P. 25.2(a)(2). On May 14, 2003, we gave Keller notice that the
appeal in each case would be dismissed unless an amended trial court certification showing he has the
right to appeal was made part of the appellate record by June 13, 2003. See Tex. R. App. P. 25.2(d),
37.1; Daniels v. State, No. 04-03-00176-CR, 2003 WL 21011277 (Tex. App.--San Antonio May
7, 2003, order). An amended certification showing Keller has the right to appeal has not been filed.
We therefore dismiss the appeal in each case. Tex. R. App. P. 25.2(d). 

 On June 26, 2003, Keller filed a pro se motion for appointment of counsel on appeal in each
case. Because we dismiss the appeals, we deny Keller's motions as moot. 

 PER CURIAM

DO NOT PUBLISH