MEMORANDUM OPINION

No. 04-06-00024-CR

Christopher P. GONZALEZ,

Appellant

v.

The STATE of Texas ,

Appellee

From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CR-9396W

Honorable Sharon MacRae , Judge Presiding


PER CURIAM

Sitting: Karen Angelini , Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin , Justice

Delivered and Filed: March 29, 2006

DISMISSED

 Pursuant to a plea-bargain agreement, Christopher P. Gonzalez pled nolo contendere to unauthorized use of a motor vehicle
and was sentenced to six months in jail and a fine of $1,200.00 in accordance with the terms of his plea-bargain agreement.
On December 14, 2005, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain
case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After Gonzalez timely filed a notice of
appeal, the trial court clerk sent copies of the certification and notice of appeal to this court.See id. 25.2(e). The clerk's
record, which includes the trial court's rule 25.2(a)(2) certification, has been filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled
on before trial, or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record,
which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk's record does not include a
written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. The
trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Gonzalez does not
have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not
been made part of the record." Id. 25.2(d). 

 We, therefore, warned Gonzalez that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure
25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate
record. See Tex. R. App. P. 25.2(d), 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.--San Antonio 2003, order). No such
amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule 25.2(d). 



 PER CURIAM

Do not publish