MEMORANDUM OPINION

No. 04-05-00835-CR

Robert TAYLOR,

Appellant

v.

The STATE of Texas ,

Appellee

From the 216th Judicial District Court, Kerr County, Texas

Trial Court No. A05-326

Honorable Stephen B. Ables , Judge Presiding


PER CURIAM

Sitting: Karen Angelini , Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin , Justice



Delivered and Filed: May 10, 2006



DISMISSED

 Pursuant to a plea-bargain agreement, Robert Taylor pled guilty to organized criminal activity and was sentenced to five
years imprisonment. On October 18, 2005, the trial court signed a certification of defendant's right to appeal stating that this
"is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After Taylor timely filed
a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. See id. 25.2(e). The
clerk's record, which includes the trial court's rule 25.2(a)(2) certification, has been filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled
on before trial, or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). We note that although
the written plea-bargain agreement is not contained in the clerk's record, the judgment recites that the terms of the
plea-bargain agreement were five years imprisonment. Thus, it appears that the punishment assessed by the court does not
exceed the punishment recommended by the prosecutor and agreed to by the defendant. See id.25.2(a)(2). The clerk's record
does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its
permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case
and that Taylor does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has
the right of appeal has not been made part of the record." Id. 25.2(d). 

 We, therefore, warned Taylor that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d),
unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record by
April 10, 2006. See Tex. R. App. P. 25.2(d), 37.1;Daniels v. State, 110 S.W.3d 174 (Tex. App.--San Antonio 2003, order).
No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule 25.2(d). 



 PER CURIAM

Do not publish