MEMORANDUM OPINION




No. 04-07-00219-CR



Guadalupe ESPARZA,


Appellant



v.



State of TEXAS,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CR-7271


Honorable Sharon Macrae, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 6, 2007


DISMISSED

 Pursuant to a plea-bargain agreement, GUADALUPE ESPARZA pled guilty to Burglary of
A Building With Intent to Commit Theft and true to an enhancement offense. He was sentenced to
2 years confinement and a $2,000 fine in accordance with the terms of his plea-bargain agreement.
On March 12, 2007, the trial court signed a certification of defendant's right to appeal stating that
this "is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P.
25.2(a)(2). After GUADALUPE ESPARZA filed a notice of appeal, the trial court clerk sent copies
of the certification and notice of appeal to this court. See id. 25.2(e). The clerk's record, which
includes the trial court's rule 25.2(a)(2) certification, has been filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk's record does not include
a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave
GUADALUPE ESPARZA permission to appeal. The trial court's certification, therefore, appears
to accurately reflect that this is a plea-bargain case and that GUADALUPE ESPARZA does not have
a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right
of appeal has not been made part of the record." Id. 25.2(d). 

 We, therefore, warned GUADALUPE ESPARZA that this appeal would be dismissed
pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification
showing that GUADALUPE ESPARZA had the right to appeal was made part of the appellate
record. See Tex. R. App. P. 25.2(d), 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.--San
Antonio 2003, order). No such amended trial court certification has been filed. This appeal is,
therefore, dismissed pursuant to rule 25.2(d). 

 PER CURIAM

DO NOT PUBLISH