*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-10-00110-CR

Randall Elmer **GRIMES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-7733
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed: May 12, 2010.

DISMISSED

Defendant Randall Grimes pled nolo contendere to aggravated assault with a deadly weapon and was sentenced within the terms of a plea bargain. Defendant timely filed a general notice of appeal. The trial court's Certification of Defendant's Right of Appeal states: "the defendant has waived the right of appeal" and that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a

written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by defendant; therefore, the trial court's certification accurately reflects that defendant waived his right to appeal and that defendant's case is a plea bargain case and defendant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Accordingly, on March 9, 2010, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record. *See Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1. No amended trial court certification has been filed; therefore, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH