

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00791-CR

Samuel Seferino **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8165W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  February 6, 2013

DISMISSED

Pursuant to a plea-bargain agreement, Samuel Seferino Sanchez pled nolo contendere to

burglary of a habitation and was sentenced to four years imprisonment in accordance with the

terms of his plea-bargain agreement. On November 5, 2012, the trial court signed a certification

of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO

right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Sanchez filed a notice of appeal, the trial

court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The

clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave Sanchez permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Sanchez does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Sanchez that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Sanchez had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH