

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00236-CR

Esain Orlando **CARMONA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4882
Honorable Laura Parker, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  May 8, 2013

DISMISSED

Pursuant to a plea bargain agreement, appellant pled nolo contendere to aggravated robbery. The trial court's certification of defendant's right to appeal states this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed his notice of appeal, the court clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e).

Appellant filed two pro se notices of appeal, in which he asserts a written pre-trial motion to suppress was denied on June 27, 2012. The clerk's record contains a written plea bargain

agreement, and the punishment assessed did not exceed the punishment recommended by the State and agreed to by the appellant. The clerk's record also contains two motions to suppress, but does not contain any orders ruling on any pre-trial motions.

Rule 25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Accordingly, on April 18, 2013, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows defendant has the right of appeal was made part of the appellate record. *See Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1.

On April 25, 2013, appellant's appellate counsel filed a letter stating "this court has no choice but to dismiss the appeal." In light of the record presented, we agree with appellant's counsel that Rule 25.2(d) requires this court to dismiss this appeal. Accordingly, this appeal is dismissed.

PER CURIAM

Do not publish