

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00163-CR

Jerry **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR10521W
Honorable Dick Alcala, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  May 15, 2013

DISMISSED

Pursuant to a plea bargain agreement, appellant pled nolo contendere to aggravated assault with a deadly weapon. The trial court imposed sentence and signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed his notice of appeal, the court clerk sent a copy of the certification to this court. *See* TEX. R. APP. P. 25.2(e).

The clerk's record contains a written plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the State and agreed to by the

appellant; therefore, the trial court's certification accurately reflects that appellant's case is a plea bargain case and he does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Accordingly, on March 25, 2013, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record. *See Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1. No amended trial court certification has been filed; therefore, this appeal is dismissed.

PER CURIAM

Do not publish