

# Fourth Court of Appeals
## San Antonio, Texas

December 11, 2014

No. 04-14-00782-CR

Robert **TORRES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1875
Honorable Lorina I. Rummel, Judge Presiding

## O R D E R

Pursuant to a plea-bargain agreement, Appellant Robert Torres pled nolo contendere to aggravated sexual assault of a child and was sentenced to eighteen years of imprisonment and a fine of $1,000 in accordance with the terms of his plea-bargain agreement. On October 16, 2014, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Torres filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Torres does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Torres has the right to appeal is made part of the appellate record by **January 12, 2015**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_Karen Angelini_

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of December, 2014.

_Keith E. Hottle_

Keith E. Hottle
Clerk of Court