

# Fourth Court of Appeals
## San Antonio, Texas

December 15, 2014

No. 04-14-00871-CR

Jamahr Dereginald **STANLEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR9520W
Honorable Ron Rangel, Judge Presiding

## O R D E R

Pursuant to a plea-bargain agreement, Jamahr Stanley pled nolo contendere to delivery of a controlled substance and was sentenced to two years imprisonment in accordance with the terms of his plea-bargain agreement.[1] On November 12, 2014, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Stanley filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Stanley does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

---

[1]Stanley's sentence was suspended and he was placed on three years' community supervision.

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Stanley has the right to appeal is made part of the appellate record by **January 14, 2015**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of December, 2014.

_____
Keith E. Hottle
Clerk of Court