**Tommy Ben DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–03–00176–CR.**

Court of Appeals of Texas,
San Antonio.

May 7, 2003.

Tracy L. Spoor, Attorney At Law, San Antonio, for Appellant.

Susan D. Reed, Criminal Dist. Atty., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

Opinion by SARAH B. DUNCAN, Justice.

## RULE 37.1   NOTICE ISSUED

At this juncture in this appeal, we must determine the proper course of action when the trial court's certification under Texas Rule of Appellate Procedure 25.2(a)(2) states the case "is a plea-bargain case, and the defendant has NO right of appeal"; these statements are supported by the clerk's and reporter's records; but the appellant's brief has not been filed. *See* Tex.R.App. P. 25.2(a)(2)(B). We hold the proper course of action is to issue the notice provided for in Rule 37.1, Tex.R.App. P., because the certification, although it conforms to the form mandated by the Texas Court of Criminal Appeals, is "defective" within the meaning we ascribe to the word in Rule 37.1 since it does not show the defendant has the right of appeal. See Notes and Comments to Tex. R.App. P. 25.2; *Hardin v. State,* No. 09–03–00095–CR, 2003 WL 1571744 (Tex. App.-Beaumont Mar.27, 2003, no pet.) (not designated for publication).

### BACKGROUND

Pursuant to a plea bargain agreement, Tommy Ben Daniels pled guilty to aggravated robbery and true to an enhancement offense. On February 18, 2003, the trial

court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex.R.App. P. 25.2(a)(2). After Daniels timely filed a pro se general notice of appeal, the court clerk sent copies of the certification and notice of appeal to this court. *See* Tex.R.App. P. 25.2(e). Daniels later filed a second notice of appeal; in this notice of appeal, he concedes the plea bargain agreement was followed by the court and indicates the bases for his appeal are "jurisdictional defect" and "permission to appeal." However, the second notice of appeal does not indicate that permission to appeal was granted; rather, as set forth in the attached letter, Daniels was asking the court to grant permission to appeal because his plea was involuntary and his trial counsel was ineffective.

The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See* Tex.R.App. P. 25.2(d). It does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave Daniels permission to appeal. The reporter's record indicates the trial court denied permission to appeal.

### DISCUSSION

■ Effective January 1, 2003, Rule 25.2 of the Texas Rules of Appellate Procedure was amended to provide that "[i]n a plea bargain case-that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant-a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to ap-

peal." Tex.R.App. P. 25.2(a)(2).[1] If the defendant appeals, the trial court's certification must be included in the record. Tex.R.App. P. 25.2(d). "[I]f a certification that shows the defendant has the right of appeal has not been made part of the record under these rules," "[t]he appeal must be dismissed." *Id.* However, "[a]n amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1." Tex. R.App. P. 25.2(f). Rule 37.1 requires notice to the parties if **"the notice of appeal or certification of defendant's right of appeal in a criminal case is defective ... so that [the defect] can be remedied, if possible."** Tex.R.App. P. 37.1. **If a proper notice of appeal or certification is not filed within thirty days after the date of the notice, the court** "will make an appropriate order under this rule or Rule 34.5(c)(2)." *Id.*

Thus, at this juncture in Daniels' appeal, the new rules appear to provide alternative courses of action: (1) await the preparation and filing of Daniels' brief and possibly an amended certification showing the trial court has given its permission for Daniels to appeal; or (2) "use" Rule 37.1. *See* Tex.R.App. P. 25.2(f). Under the first alternative, certain "system costs" are inevitable-delay in the disposition of Daniels' appeal and the effort and cost inherent in preparing Daniels' brief. And these "system costs" will be to no avail if the trial court does not, ultimately, give Daniels permission to appeal and sign an amended certification. However, to "use" the notice procedure provided for in Rule 37.1, we

---

1. When the defendant pleads guilty to a felony, and the trial court follows the plea agreement, the defendant may not appeal the vol-

untariness of his plea. *Cooper v. State,* 45 S.W.3d 77, 83 (Tex.Crim.App.2001).

must determine that either Daniels' notice of appeal or the trial court's certification is "defective."

■ In ordinary use, "defective" means "lacking something essential" or "falling below the norm in structure or in mental or physical function." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 333 (Merriam–Webster, Inc.1990). Under the ordinary meaning of "defective," therefore, Daniels' notice of appeal is plainly not "defective"; it is in writing, shows Daniels' desire to appeal from the judgment, and was filed with the clerk. *See* TEX.R.APP. P. 25.2(c). Just as plainly, it would appear the trial court's certification is not "defective"; it conforms to the form mandated by the Texas Court of Criminal Appeals.[2] Nonetheless, in similar circumstances, the Beaumont Court of Appeals invoked Rule 37.1. *See Hardin v. State*, No. 09–03–00095–CR, 2003 WL 1571744 (Tex.App.-Beaumont Mar.27, 2003, no pet.) (not designated for publication) (stating that court "notified the parties that the appeals would be dismissed unless amended certifications were filed within thirty days of the date of the notices and made part of the appellate records.... *See* TEX.R.APP. P. 37.1."). Apparently, the court interpreted "defective," as used in Rule 37.1, to mean only that the trial court's certification does not state the defendant has the right of appeal. We find some support for this interpretation in the last two sentences of the Notes and Comments following Rule 25.2; when read together, these sentences suggest that a trial court's certification is "defective" not because it "fall[s] below the norm in structure" but because it "lack[s] something essential"-a statement that the defendant has the right of appeal. *See* Notes and Comments following TEX.R.APP. P. 25.2 ("If the record does not include the trial court's certification that the defendant has the right of appeal, the appeal must be dismissed. If a sufficient notice of appeal or certification is not filed after the appellate court deals with the defect (see Rules 34.5(c) and 37.1), preparation of an appellate record and representation by an appointed attorney may cease."). We therefore conclude a Rule 37.1 notice should issue upon receipt of a certification indicating the defendant does not have the right to appeal and a clerk's record supporting the certification, and need not await the preparation and filing of either a reporter's record or appellant's brief.

## CONCLUSION

In light of our interpretation of "defective" in the context of Rule 37.1, we will issue a notice to the parties that it appears the trial court's certification is "defective" and that Daniels' appeal will be dismissed unless an amended certification remedying the defect is filed in this court within the thirty days of the date of our notice.

2. As stated in the "Notes and Comments" following Rule 25.2, "[t]he form of certification of the defendant's right of appeal is provided in an appendix to these rules":
Trial Court's Certification of Defendant's Right of Appeal
    I, judge of the trial court, certify this criminal case:
        ☐ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]
        ☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]
        ☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]
        ☐ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]
        ☐ the defendant has waived the right of appeal.
    The trial court checked the fourth box.