MEMORANDUM OPINION




No. 04-03-00228-CR



Clay V. RIVERS,


Appellant



v.



The STATE of Texas,


Appellee




From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-8054


Honorable Mary Román, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: July 2, 2003


APPEAL DISMISSED

 Pursuant to a plea bargain agreement, Clay V. Rivers pled nolo contendere to aggravated
assault with a deadly weapon. The trial court imposed sentence on February 24, 2003, and signed a
certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." See
Tex. R. App. P. 25.2(a)(2). After Rivers timely filed a notice of appeal, the clerk sent copies of the
certification and notice of appeal to this court. See Tex. R. App. P. 25.2(e). The clerk's record, which
includes the trial court's Rule 25.2(a)(2) certification, has been filed. See Tex. R. App. P. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See Tex. R. App. P. 25.2(a)(2). The clerk's record
does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court
gave Rivers permission to appeal. The trial court's certification therefore appears to accurately reflect
that this is a plea bargain case and Rivers does not have a right to appeal. This court must dismiss an
appeal "if a certification that shows the defendant has the right of appeal has not been made part of
the record." Tex. R. App. P. 25.2(d). 

 On May 7, 2003, we gave Rivers notice that the appeal would be dismissed unless an amended
trial court certification showing he has the right to appeal has been made part of the appellate record
by June 9, 2003. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, No. 04-03-00176-CR, 2003 WL
21011277 (Tex. App.-San Antonio May 7, 2003, order). An amended certification showing Rivers
has the right to appeal has not been filed. We therefore dismiss this appeal. Tex. R. App. P. 25.2(d).

 PER CURIAM

Do not publish