MEMORANDUM OPINION




No. 04-04-00469-CR



Steven A. AGUIRRE,


Appellant



v.



STATE of Texas,


Appellee



From the 399th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-4476-A


Honorable Juanita Vasquez-Gardner, Judge Presiding



PER CURIAM


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: December 29, 2004 


DISMISSED

 Pursuant to a plea bargain agreement, Steven A. Aguirre pled guilty to aggravated
robbery. On June 1, 2004, the trial court imposed sentence and signed a certificate stating
that this "is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App.
P. 25.2(a). After Aguirre timely filed a general notice of appeal, the clerk sent copies of the
certification and notice of appeal to this court. See Tex. R. App. P. 25.2(e). The clerk's
record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. See Tex.
R. App. P. 25.2(d). 

 "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were
raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a
written plea bargain, establishes that the punishment assessed by the court does not exceed
the punishment recommended by the prosecutor and agreed to by the defendant. See Tex.
R. App. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before
trial nor does it indicate the trial court granted Aguirre permission to appeal. The trial
court's certification therefore appears to accurately reflect that this is a plea bargain case and
Aguirre does not have the right to appeal. This court must dismiss an appeal "if a
certification that shows the defendant has the right of appeal has not been made a part of the
record." Tex. R. App. P. 25.2(d).

 On October 7, 2004, we gave Aguirre notice that the appeal would be dismissed
unless an amended certification showing he has the right to appeal has been made part of the
record by November 6, 2004. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110
S.W.3d 174, 177 (Tex. App.-San Antonio 2003, interlocutory order) (en banc). An amended
certification showing Aguirre has the right to appeal has not been filed. We therefore
dismiss this appeal. Tex. R. App. P. 25.2(d). 

 PER CURIAM

Do Not Publish