MEMORANDUM OPINION

No. 04-05-00263-CR

Aurelio R. CAMPOS,
Appellant

v.

The STATE of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-4118
Honorable Mark R. Luitjen, Judge Presiding


PER CURIAM
 
Sitting:            Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   June 29, 2005

DISMISSED

            Defendant Aurelio Campos pled nolo contendere to driving while intoxicated and was
sentenced within the terms of a plea bargain. Defendant timely filed a general notice of appeal. The
trial court’s Certification of Defendant’s Right of Appeal states: “the defendant has waived the right
of appeal” and that this “is a plea-bargain case, and the defendant has NO right of appeal.” See Tex.
R. App. P. 25.2(a)(2). The clerk’s record contains a written plea bargain and a written waiver of
appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by defendant; therefore, the trial court’s certification accurately reflects that defendant
waived his right to appeal and that appellant’s case is a plea bargain case and he does not have a right
of appeal. See Tex. R. App. P. 25.2(a)(2). Rule 25.2(d) provides, “The appeal must be dismissed
if a certification that shows the defendant has the right of appeal has not been made part of the record
under these rules.” Tex. R. App. P. 25.2(d). Accordingly, on May 10, 2005, this court issued an
order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court
certification that shows appellant has the right of appeal was made part of the appellate record. See
Daniels v. State,110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); Tex. R. App. P. 25.2(d);
37.1. No amended trial court certification has been filed; therefore, this appeal is dismissed.
 
PER CURIAMDO NOT PUBLISH