MEMORANDUM OPINION


No. 04-07-00299-CR


Jeffrey RODRIGUEZ,

Appellant


v.


The STATE of Texas,

Appellee


From the 379th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-CR-0023

Honorable Bert Richardson, Judge Presiding


PER CURIAM

 

Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: July 25, 2007


DISMISSED 

 The trial court imposed sentence on April 5, 2007. The trial court's judgment, signed on
April 11, 2007, states appellant pled nolo contendere to murder. However, the clerk's record
contains a copy of an April 5, 2007 order granting appellant's Motion to Withdraw Plea of "No
contest." The trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain
case, and the defendant has NO right of appeal." Appellant's notice of appeal states appellant wishes
to appeal the ruling on the Motion to Withdraw Plea. See Tex. R. App. P. 25.2(a)(2) (in a plea
bargain case, a defendant may appeal only those matters raised in a written motion ruled on before
trial or after obtaining the trial court's permission to appeal). Because it was unclear whether
appellant was allowed to withdraw his plea and whether appellant has a right to appeal, we abated
this case to the trial court and ordered the trial court to conduct a hearing to determine whether (1)
the judgment accurately reflects a plea of nolo contendere, (2) appellant's Motion to Withdraw Plea
was granted or denied, and (3) appellant has the right to appeal. On June 19, 2007, the trial court
filed the reporter's record from the April 5, 2007 hearing on appellant's Motion to Withdraw Plea. 
This record reflects that, at the conclusion of the hearing, the trial denied appellant's motion to
withdraw his plea of no contest. Although it is unclear from the record whether appellant's motion
to withdraw was denied before or after trial, we note that appellant's counsel, Ms. Angela Moore,
has filed a letter with this court agreeing that appellant has no right to appeal. It therefore appears
that the trial court's Certification of Defendant's Right of Appeal correctly states this "is a plea-bargain case, and the defendant has NO right of appeal." Accordingly, on June 26, 2007, this court
issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended
trial court certification that shows appellant has the right of appeal was made part of the appellate
record. See Daniels v. State,110 S.W.3d 174 (Tex. App.--San Antonio 2003, order); Tex. R. App.
P. 25.2(d); 37.1. No amended trial court certification has been filed; therefore, this appeal is
dismissed.

 PER CURIAM

DO NOT PUBLISH