MEMORANDUM OPINION



No. 04-09-00032-CR


 

John Michael CONNELLEY,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 2007-CR-11325


Honorable Catherine Torres-Stahl, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: March 18, 2009


DISMISSED

 Pursuant to a plea-bargain agreement, John Michael Connelley pled guilty to theft and was
sentenced to fifteen months in state jail and a fine of $1,500 in accordance with the terms of his plea-bargain agreement. On December 18, 2008, the trial court signed a certification of defendant's right
to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." See
Tex. R. App. P. 25.2(a)(2). After Connelley filed a notice of appeal, the trial court clerk sent copies
of the certification and notice of appeal to this court. See id. 25.2(e). The clerk's record, which
includes the trial court's Rule 25.2(a)(2) certification, has been filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Id. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the
punishment assessed by the court does not exceed the punishment recommended by the prosecutor
and agreed to by the defendant. See id. The clerk's record does not include a written motion filed and
ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. See id.
The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case
and that Connelley does not have a right to appeal. We must dismiss an appeal "if a certification that
shows the defendant has the right of appeal has not been made part of the record." Id. 25.2(d). 

 We, therefore, warned Connelley that this appeal would be dismissed pursuant to Texas Rule
of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the
right to appeal was made part of the appellate record. See Tex. R. App. P. 25.2(d), 37.1; Daniels v.
State, 110 S.W.3d 174 (Tex. App.--San Antonio 2003, order). No such amended trial court
certification has been filed. This appeal is, therefore, dismissed pursuant to Rule 25.2(d). 




 PER CURIAM

DO NOT PUBLISH