*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00071-CR

Kurtis Eugene **RUPERT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, No. 7, Bexar County, Texas
Trial Court No. 256962
Honorable Dick Alcala, Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:   May 13, 2009

DISMISSED

Pursuant to a plea-bargain agreement, Kurtis Eugene Rupert pled nolo contendere to the

offense of assault with bodily injury and was sentenced to eleven months, ten days in the Bexar

County Adult Detention Center in accordance with the terms of his plea-bargain agreement. On

December 19, 2008, the trial court signed a certification of defendant's right to appeal stating that

this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P.

25.2(a)(2). After Kurtis Eugene Rupert filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id*. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id*. 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id*. 25.2(a)(2). The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id*. The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave Kurtis Eugene Rupert permission to appeal. *See id*. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Kurtis Eugene Rupert does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

We, therefore, warned Kurtis Eugene Rupert that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Kurtis Eugene Rupert had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH