*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-09-00292-CR

Eric **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 08-11-222-CRW
Honorable Stella Saxon, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  September 16, 2009

DISMISSED

Defendant Eric Brown entered a plea of nolo contendere to the indictment and was sentenced to fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal . . . ." Appellant filed a notice of appeal. The clerk's record contains a written plea bargain and the punishment assessed

did not exceed the punishment recommended by the prosecutor and agreed to by defendant; therefore, the trial court's certification accurately reflects that defendant's case is a plea bargain case and defendant does not have a right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted defendant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." Tex. R. App. P. 25.2(d). Accordingly, on July 17, 2009, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record. *See Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); Tex. R. App. P. 25.2(d); 37.1. No amended trial court certification has been filed; therefore, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH