Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00201-CR

Gerald A. **HAYES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-8380
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  May 25, 2011

DISMISSED

On April 1, 2011, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record on or before May 2, 2011. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Daniels v. State*, 110 S.W.3d 174, 175-76 (Tex. App.—San Antonio 2003, order). Appellant's counsel filed a response in which she states that she has reviewed the electronic record and "can find no right of appeal for Appellant;" counsel concedes

that the appeal must be dismissed. In light of the record presented, we agree with appellant's counsel that Rule 25.2(d) requires this court to dismiss this appeal. TEX. R. APP. P. 25.2(d). The record does not contain a certification that shows the defendant has the right of appeal; to the contrary, the trial court certification in the record states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal" and "is one in which the defendant has waived the right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH