

# Fourth Court of Appeals
## San Antonio, Texas

December 19, 2014

No. 04-14-00873-CR

Jesse Reyes **PENA**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR9378W
Honorable Philip A. Kazen, Jr., Judge Presiding

# O R D E R

Defendant pled nolo contendre to "burglary habitation – force" and was sentenced within the terms of a plea bargain. Defendant timely filed a general notice of appeal. The trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal" and "defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by defendant; therefore, the trial court's certification accurately reflects that defendant's case is a plea bargain case and defendant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted defendant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d).

It is therefore ORDERED this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification that shows defendant has the right of appeal has been made part of the appellate record by **January 19, 2015**. *See Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1.

All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of December, 2014.

Keith E. Hottle
Clerk of Court