

# Fourth Court of Appeals
## San Antonio, Texas

April 7, 2015

No. 04-15-00200-CR

Monte Lorre **BARRON**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4567
Honorable Lori I. Valenzuela, Judge Presiding

# O R D E R

Defendant pled nolo contendre to indecency by contact with a child and was sentenced within the terms of a plea bargain. Defendant timely filed a general notice of appeal. After the trial court rendered its Order of Deferred Adjudication, the court signed a Certification of Defendant's Right of Appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by defendant; therefore, the trial court's certification accurately reflects that defendant's case is a plea bargain case and defendant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted defendant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d).

It is therefore ORDERED this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification that shows defendant has the right of appeal has been made part of the appellate record by **May 6, 2015**. *See Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1.

All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_Sandee Bryan Marion_

Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of April, 2015.

_Keith E. Hottle_

Keith E. Hottle
Clerk of Court

