

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00711-CR

Jose **CASTELLANOS-AGUILERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR10449
Honorable Lorina I. Rummel, Judge Presiding

PER CURIAM

Sitting:  Karen Angelini, Justice
     Marialyn Barnard, Justice
     Rebeca C. Martinez, Justice

Delivered and Filed:  December 9, 2015

DISMISSED

Pursuant to a plea-bargain agreement, Jose Castellanos-Aguilera pled nolo contendere to murder and was sentenced to seventeen years in prison in accordance with the terms of his plea-bargain agreement. On October 26, 2015, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Castellanos-Aguilera filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id*. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id*. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id*. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id*. The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave Castellanos-Aguilera permission to appeal. *See id*. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Castellanos-Aguilera does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

We informed Castellanos-Aguilera that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Castellanos-Aguilera had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Furthermore, Castellanos-Aguilera's court-appointed appellate counsel has filed a written notice stating that he reviewed the clerk's record, found no right of appeal for Castellanos-Aguilera, and thus is compelled to concede that this appeal must be dismissed.

This appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH