

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00509-CR

Terrance **RAMSEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5401
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed: December 16, 2015

DISMISSED

The trial court's initial certification in this appeal stated that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides that an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d). The clerk's record in this appeal contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed

to by the defendant. Thus, the clerk's record supports the trial court's certification that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

We warned appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed.[1] Therefore, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH

---

[1] An amended trial court certification was filed in this case; however, it does not show that appellant has the right to appeal. Instead, it states that this is a plea bargain case, and the defendant has no right to appeal and that the defendant has waived the right of appeal.