

# Fourth Court of Appeals
## San Antonio, Texas

September 27, 2016

No. 04-16-00583-CR

Eliezer **CRUZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR9345
Honorable Melisa Skinner, Judge Presiding

# O R D E R

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal" and "is one in which the defendant has waived the right of appeal."  The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case.  *See* TEX. R. APP. P. 25.2(a)(2).  Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."  TEX. R. APP. P. 25.2(d).  It is therefore ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed **within thirty days** from the date of this order showing appellant has the right of appeal.  *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

It is further ORDERED that counsel's "Motion For Leave to Withdraw As Counsel on Appeal" is HELD IN ABEYANCE pending further order of the court.

All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Rebeca C. Martinez, Justice

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of September, 2016.

_____
Keith E. Hottle
Clerk of Court