

# Fourth Court of Appeals
## San Antonio, Texas

January 22, 2019

No. 04-18-00732-CR

John Timothy **LOERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0270
Honorable Mark R. Luitjen, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, John Timothy Loera pled guilty to possession of methamphetamine in an amount greater than four grams but less than 200 grams and was sentenced to ten years of imprisonment in accordance with the terms of his plea-bargain agreement. On December 17, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The trial court also certified that this criminal case "is one in which the defendant has waived the right of appeal." *See id.* After Loera filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Loera. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification appears to accurately reflect that this is a plea-bargain case and that Loera does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Loera has the right to appeal is made part of the appellate record by **February 21, 2019.** *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court