

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00904-CR

Hollis Robert **BLEDSOE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR9715W
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: January 30, 2019

DISMISSED

Pursuant to a plea-bargain agreement, Hollis Robert Bledsoe pled nolo contendere to being a felon in possession of a firearm and was sentenced to four years of imprisonment and a fine of $1,500.00 in accordance with the terms of his plea-bargain agreement. On October 24, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The trial court also certified that this criminal case "is one in which the defendant has waived the right of appeal." After Bledsoe filed a notice of appeal, the trial court clerk sent copies of the certification and notice

of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Bledsoe does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

On December 7, 2018, we informed Bledsoe that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record by January 7, 2019. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish