

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00161-CR

Marilynn Meade **MEDINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0548W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: June 12, 2019

DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded *nolo contendere* to possession of a controlled substance. The trial court deferred the adjudication of guilt and placed appellant on community supervision for a term of three years. On January 23, 2019, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to

appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that she had the right to appeal was made part of the appellate record. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Rather, appellant's appointed counsel has filed a response agreeing that appellant does not have the right to appeal. Accordingly, we dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH