

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00691-CR

Sean Michael **FOXX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR11563
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: September 27, 2023

DISMISSED

Pursuant to a plea-bargain agreement, appellant Sean Michael Foxx pled nolo contendere to one count of possession of a controlled substance in an amount of four grams or more but less than two hundred grams and, in accordance with the terms of his plea-bargain agreement, was sentenced to four years' imprisonment. On June 26, 2023, the trial court signed a certification of defendant's right to appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Foxx filed a notice of appeal, the trial court clerk

sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Foxx. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and Foxx does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

On August 23, 2023, we informed Foxx that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that Foxx has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). On September 6, 2023, Foxx's court-appointed appellate counsel filed a response stating Foxx has no right to appeal and conceding this appeal should be dismissed. Further, an amended trial court certification showing Foxx has a right to appeal has not been filed and made part of the appellate record. Therefore, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(d)

PER CURIAM

Do not publish