

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01028-CR

Francisco Javier **GARCIA VENTURA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR11087
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: January 10, 2024

DISMISSED

Pursuant to a plea-bargain agreement, Francisco Garcia Ventura pled nolo contendere to murder and was sentenced to forty years and a $1,200.00 fine in accordance with the terms of his plea-bargain agreement. On August 7, 2023, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Garcia Ventura filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Garcia Ventura. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Garcia Ventura does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We therefore warned Garcia Ventura that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Garcia Ventura's court-appointed counsel has filed a written response agreeing that this is a plea-bargain case and Garcia Ventura does not have the right to appeal. Therefore, we dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish