

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00979-CR

Cathi Rae **QUINONEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 20-05-0092-CRA
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: January 17, 2024

DISMISSED

Pursuant to a plea-bargain agreement, appellant Cathi Rae Quinonez pled guilty to one count of manslaughter and, in accordance with the terms of her plea-bargain agreement, was sentenced to twelve years' imprisonment. On August 24, 2023, the trial court signed a certification of defendant's right to appeal stating "the defendant has waived the right of appeal" and this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Quinonez filed a notice of appeal, the trial court clerk sent copies of the certification and

notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Quinonez. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and Quinonez does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

On November 14, 2023, we informed Quinonez that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that Quinonez has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). To date, Quinonez has not responded to our order and no such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH