

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00024-CR

Gary Wade **RONNING**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR10517W
Honorable Ray Olivarri, Judge Presiding

PER CURIAM

Sitting:　　Karen Angelini, Justice
　　　　　　Marialyn Barnard, Justice
　　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　April 1, 2015

DISMISSED

Pursuant to a plea-bargain agreement, Gary Wade Ronning pled nolo contendere to Assault-Family-2nd Offense and was sentenced to six years imprisonment and a $1500 fine in accordance with the terms of his plea-bargain agreement. On December 18, 2014, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Ronning filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See*

*id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Ronning does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

On January 29, 2015, we issued an order stating that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Ronning has the right to appeal was made part of the appellate record by March 2, 2015. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification was filed. This appeal is therefore dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish