

# Fourth Court of Appeals
## San Antonio, Texas

September 18, 2015

No. 04-15-00509-CR

Terrance **RAMSEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5401
Honorable Maria Teresa Herr, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, Terrance Ramsey pled nolo contendere to evading arrest or detention with a vehicle and was sentenced to five years in prison in accordance with the terms of his plea-bargain agreement. On July 30, 2015, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Ramsey filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id*. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id*. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id*. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id*. The clerk's record does not indicate that the trial court gave its permission to appeal. *See id*. And, although the clerk's record contains several pretrial motions that were ruled on by the court, these rulings do not appear to pertain to matters that could be the subject of an appeal. *See id*. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Ramsey does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Ramsey has the right to appeal is made part of the appellate record by **October 19, 2015**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of September, 2015.

_____
Keith E. Hottle
Clerk of Court