

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00452-CR

Dimetric Dashon **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR9594
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  September 30, 2015

DISMISSED

Pursuant to a plea-bargain agreement, Appellant Dimetric Dashon Gonzalez pled guilty to

Assault-Family-2nd Offense (Repeater) and was sentenced to eight years imprisonment and a fine

of $2,000 in accordance with the terms of his plea-bargain agreement. On June 25, 2015, the trial

court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case,

and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Gonzalez filed a

pro se notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to

this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Gonzalez does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Gonzalez that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Instead, Gonzalez's appointed counsel filed a letter concluding that Gonzalez does not have a right to appeal in this case.

This appeal is, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish