

# Fourth Court of Appeals
## San Antonio, Texas

August 1, 2018

No. 04-18-00486-CR

Robert **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 562296
Honorable Wayne A. Christian, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, Robert Romero pled nolo contendere to driving while intoxicated and was sentenced to six months' confinement; his sentence was then suspended and he was placed on probation for one year in accordance with the terms of his plea-bargain agreement. On June 27, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Romero filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Romero does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Romero has the right to appeal is made part of the appellate record by **August 31, 2018**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of August, 2018.

_____
Keith E. Hottle
Clerk of Court