

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00518-CR

Earl James **OTTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0223
Honorable Joey Contreras, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed: October 24, 2018

DISMISSED

Pursuant to a plea-bargain agreement, Earl James Otter pled guilty to possession of methamphetamine with intent to deliver in an amount greater than four grams but less than 200 grams. He was sentenced to thirty years of imprisonment and a fine of $1000 in accordance with the terms of his plea-bargain agreement. On July 12, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Otter filed a notice of appeal, the trial court clerk

sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Otter does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Otter that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Otter had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish