

# Fourth Court of Appeals
## San Antonio, Texas

January 9, 2019

No. 04-18-00876-CR

Anthony Wayne **GUERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR4508
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, appellant pleaded guilty to five counts of aggravated assault with a deadly weapon. The trial court assessed punishment at four terms of imprisonment for five years and one term of imprisonment for ten years, with the sentences to run concurrently. On October 23, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record by **February 8, 2019.** *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We **ORDER** all appellate deadlines be suspended until further order of the court.

_____

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of January, 2019.



_____

KEITH E. HOTTLE,
Clerk of Court