

# Fourth Court of Appeals
## San Antonio, Texas

August 6, 2019

No. 04-19-00402-CR

Kyle **STONE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR12634W
Honorable Frank J. Castro, Judge Presiding

## O R D E R

Pursuant to a plea-bargain agreement, Kyle Magee Stone pled guilty to possession of a controlled substance. The terms of his plea bargain agreement were as follows: (1) "Class A misdemeanor punishment with State Jail Felony Conviction under 12.44 P.C."; (2) "Punishment to be assessed at 90 days BCJ"; (3) "Fine $500"; (4) "There is no application for community supervision/deferred adjudication"; and (5) "Full range of punishment if defendant doesn't appear at sentencing." On March 20, 2019, the trial court sentenced Stone to eighteen months in state jail. The judgment reflects that Stone "appeared in person with Counsel." Appellant's motion for new trial, however, states that "[a]ll parties agree that Kyle Magee Stone failed to appear on the day of sentencing." The record, therefore, is not clear with regard to whether the trial court sentenced Stone in accordance with the terms of his plea-bargain agreement. On March 20, 2019, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Stone filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that Stone has the right to appeal is made part of the appellate record by **September 5, 2019**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of August, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court