

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00202-CR

Darrel Keith **PEAVY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR11517
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
          Liza A. Rodriguez, Justice
          Lori I. Valenzuela, Justice

Delivered and Filed: July 28, 2021

DISMISSED

Pursuant to a plea-bargain agreement, Darrel Keith Peavy pled nolo contendere to aggravated assault with a deadly weapon and was sentenced to six years of imprisonment in accordance with the terms of his plea-bargain agreement. The trial court's certification of defendant's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Peavy filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Peavy. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Peavy does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

On May 24, 2021, we informed appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record by June 23, 2021. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Therefore, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH