

# Fourth Court of Appeals
## San Antonio, Texas

August 16, 2021

No. 04-21-00305-CR

Maurice Jerome **HOLMES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2018CRB000095D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

# O R D E R

Appellant pled guilty pursuant to a plea-bargain agreement and was sentenced to a term of imprisonment in accordance with the terms of his agreement. The trial court's certification of defendant's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains the written plea bargain and judgment, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by appellant. *See id.* The clerk's record does not include a written pretrial motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

Accordingly, this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record *no later than thirty (30) days* from the date of this order. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

It is ORDERED that all appellate deadlines are suspended until further order of the court.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of August, 2021.



_____
Michael A. Cruz,
Clerk of Court