

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00439-CR

Dorian Angel **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CR-2166
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: February 2, 2022

APPEAL DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded nolo contendere to one count of possession with intent to deliver a controlled substance (heroin) in an amount of one gram or more but less than four grams. The trial court assessed punishment at four years in prison. On August 10, 2021, the trial court signed a certification of defendant's right to appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission

to appeal, or (3) where the specific appeal is expressly authorized by statute. *See id.* 25.2(a)(2)(A),(B), (C). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

On December 17, 2021, this court issued an order stating this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record on or before January 7, 2022. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Appellant has not responded to our order and an amended trial court certification has not been filed. Accordingly, we dismiss this appeal.

PER CURIAM

Do not publish