

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00356-CR

Adam Christopher **KING**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR2208
Honorable Melissa C. Skinner, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides that an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal. *See*

TEX. R. APP. P. 25.2(a)(2). We issued a show cause order stating this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Appellant did not respond. In light of the record presented, we conclude that the trial court's certification correctly asserts that the defendant has no right of appeal; therefore, Rule 25.2(d) requires this court to dismiss this appeal. TEX. R. APP. P. 25.2(d). Accordingly, the appeal is dismissed. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH