

# Fourth Court of Appeals
## San Antonio, Texas

September 13, 2022

No. 04-22-00433-CR

Patrick **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR4217
Honorable Melisa C. Skinner, Judge Presiding

# O R D E R

The trial court's certification in this appeal states that "the defendant has waived the right of appeal." The clerk's record reflects that in his plea-bargain agreement, Patrick S. Perez signed the following "Waiver of Appeal":

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea-bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The clerk's record, which contains the plea-bargain agreement, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Perez has waived his right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Perez has the right to appeal is made part

of the appellate record by **October 13, 2022.** *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); *Esparza v. State*, No. 04-03-00681-CR, 2003 WL 22899788 (Tex. App.—San Antonio Dec. 10, 2003, no pet. h.) (not designated for publication).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of September, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court