

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00087-CR

Anthony Napoleon **BOWEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR9333
Honorable Jennifer Pena, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: March 1, 2023

DISMISSED

The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a

written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by March 15, 2023. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). On February 22, 2023, counsel for appellant filed a response to our order stating, "[B]ecause the trial court has: (1) followed the parties' negotiated plea agreement; (2) steadfastly refused to grant appellant any permission to appeal; and (3) ruled adversely on no matter raised by written motion filed and presented prior to trial, appellate counsel reluctantly concludes this court of appeals has little choice but to dismiss the instant attempted appeal." Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH