

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-23-00681-CR, 04-23-00682-CR, 04-23-00683-CR

Robert Thomas **KOTARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2020CR7694, 2020CR8177, 2021CR4435
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: August 30, 2023

DISMISSED

Pursuant to a plea-bargain agreement, appellant Robert Thomas Kotara pled nolo contendere in the three underlying cases. In trial court cause no. 2020CR7694, appellant Robert Thomas Kotara pled nolo contendere to one count of sexual assault to a child and, in accordance with the terms of his plea-bargain agreement, was sentenced to twelve years' imprisonment. In trial court cause no. 2020CR8177, Kotara pled nolo contendere to one count of burglary of a building within the intent to commit theft and, in accordance with the terms of his plea-bargain agreement, was sentenced to nine months and twelve days' confinement and a fine of $1,500.00.

In trial court cause no. 2021CR4435, Kotara pled nolo contendere to one count of theft and, in accordance with the terms of his plea-bargain agreement, was sentenced to nine months and eleven days' confinement and a fine of $1,500.00.

In all three cases, the trial court signed a certification of defendant's right to appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Kotara filed his notices of appeal, the trial court clerk sent copies of the certifications and notices of appeal to this court. *See id.* 25.2(e). The clerk's records, which includes the trial court's certifications, have been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). In each case, the respective clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Kotara. *See id.* The clerk's records do not include a written motion filed and ruled upon before trial; nor do they indicate that the trial court gave its permission to appeal. *See id.* Thus, each of the trial court's certifications appear to accurately reflect that these are plea-bargain cases and Kotara does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

On August 11, 2023, we informed Kotara that these appeals would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless amended trial court certifications showing that Kotara has the right to appeal these convictions were made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). On August 16, 2023, Kotara's court-appointed appellate counsel filed a

response stating Kotara has no right to appeal and conceding these appeals should be dismissed. Further, amended trial court certifications showing Kotara has the right to appeal have not been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

Do not publish