

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00816-CR

Walter **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6975
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: November 1, 2023

DISMISSED

Appellant pled nolo contendre to murder and was sentenced within the terms of a plea bargain. The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended

by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). On September 18, 2023, we issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by October 18, 2023. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). On October 16, 2023, counsel for appellant filed a response to this court's order stating counsel unsuccessfully sought an amended certification authorizing an appeal after which counsel "reluctantly concludes this court of appeals has little choice but to dismiss the instant attempted appeal." Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH