

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00618-CR

Noah Zachary **KAISER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 729703
Honorable Melisa C. Skinner, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
            Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: November 6, 2024

DISMISSED

The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended

by the prosecutor and agreed to by appellant. *See id.* The clerk's record does not include a written motion filed and ruled upon before appellant's plea, nor does it indicate the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by October 23, 2024. *See id.*; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).


PER CURIAM

DO NOT PUBLISH