

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00065-CR

Samuel Ruiz **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR11110
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
          Irene Rios, Justice
          Velia J. Meza, Justice

Delivered and Filed: August 27, 2025

DISMISSED

Pursuant to a plea-bargain agreement, Samuel Ruiz Gonzalez pled guilty to the offense of failure to register as a sex offender and was sentenced to four years in prison in accordance with the terms of the agreement. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Gonzales filed a notice of appeal, the trial court clerk sent copies of the

certification and notice of appeal to this court. *See id*. R. 25.2(e). And the clerk's record, which includes the trial court's certification, was filed in this court. *See id*. R. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id*. R. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Gonzales. *See id*. The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id*. Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Gonzales does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

We informed Gonzales that this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See id*. R. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH