

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00249-CR

Christopher Michael **HOTTELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-012179-02
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
            Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: June 3, 2026

DISMISSED

Pursuant to a plea-bargain agreement, appellant pled no contest to one count of manslaughter and one count of aggravated assault causing serious bodily injury. The trial court sentenced appellant to ten years' confinement for each count and ordered the sentences to run concurrently. On March 25, 2026, the trial court signed a certification of defendant's right to appeal stating that "the defendant has waived the right of appeal" and this "is a plea-bargain case,

and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial; (2) after getting the trial court's permission to appeal; or (3) where the specific appeal is expressly authorized by statute. *See id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

On April 8, 2026, we informed appellant that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record by April 22, 2026. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, order). To date, appellant has not responded to our order and no such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH